[No. 3062 Aug. 26, 1927.]

In re FLEMING.

[259 Pac. 613]

SYLLABUS BY THE COURT

Attorney disbarred for failure to account for moneys of clients.

Original proceeding by the Attorney General for the disbarment of J. E. Fleming. Respondent disbarred.

. J. W. Armstrong, Atty. Gen., and James N. Bujac Asst. Atty. Gen., for relator.

O. O. Askren, of Santa Fe, for respondent.

OPINION OF THE COURT

WATSON, J.    This is an original proceeding upon the accusation of the Attorney General, charging J. E. Fleming, formerly a pr..cticing attorney at Santa Rosa, with professional misconduct, and, specifically, with failure to account for moneys of certain clients coming into his hands as an attorney.

By his answer respondent denied the several charges of failure to account, and alleged that all such sums had been remitted prior to the commencement of the present proceeding. He further alleged, by way of new matter, that he had at the time a large collection business, conducted largely through stenographers, and that his files had become confused; that when his attention was called to the matters set forth in the accusation he called in the counsel who represents him here, who caused a complete search to be made of respondent's files and

---

[1] 6CJ p. 591 n. 69.

records, and upon ascertaining the several amounts due to his clients, made remittance therefor in full. He further pleads that, though perhaps careless, he had no wrongful intent; that by reason of the publicity given to the charges herein, and upon the advice of his counsel, he had left this state and has already been severely punished for his carelessness; that he is financially unable to come to New Mexico to appear in person at the hearing, and asks for leniency in judgment.

The matter was submitted, by stipulation, upon the pleadings and upon certain documentary evidence.

The evidence does not permit us to accept respondent's protestations of mere carelessness and of no wrongful intent. Without going into detail, we will refer to one transaction, the matter of a collection from J. J. White for Miller Bros. Hat Co. The account placed in respondent's hands amounted to $213.75. White paid respondent $130.00 on January 25, 1924; $25, on February 25, 1924; and $40, on May 28, 1924. For these payments he made no accounting to his client. On the contrary, he, in effect, denied receiving them, as appears from the following excerpts from letters written by him to American Credit-Indemnity Company, the forwarder:

"Regarding this claim, we will say that it has been a most difficult one to adjust, and we are doing our very best to get it closed. Our Mr. Fleming went to Mountainair some two weeks ago to see this debtor and did see him, at which time he promised to pay this account about the 1st of this month. He has not yet done so. This debtor is wholly insolvent, and it is a question of persuasion rather than other methods to get the money. We hope that you will appreciate the situation. We assure you that we will leave nothing unturned to get the desired results." (Letter dated May 6, 1924, after $155 had been collected.)

"Replying to your letter of the 9th inst., will advise that we are doing our best to get this claim settled. We have made two or three trips to Mountainair, where the debtor lives, and he has promised us faithfully to make payments on it. This debtor is no longer in business, and when he went out of business he left a large number of debts, and we assure you that it is very difficult to succeed in collecting this claim. We will continue to push this debtor and hope to be able to get it collected not later than this

fall." (Letter dated July 15, 1924, after $195 had been collected.)

"It seems that this claim is a loss. The debtor has been out of business a long time and has nothing whatever to pay with. When he went out of business a number of judgments were taken against him, running up into the thousands. Left many outstanding unpaid bills. We have seen him a number of times trying to get some money out of him. It seems entirely out of the question. He is working out on some ranch, and it seems has given up all hope of ever paying old debts." (Letter dated September 4, 1924.)

"We have found this to be the hardest claim we have had to contend with. We have made a number of trips to see this debtor trying to effect an adjustment of the claim. As we have heretofore advised you, he is no longer in business and is located out in the country on a ranch. He left a number of judgments and bills unpaid, and it seems that there is but little chance of them ever being paid. Can't you get client to allow 50 per cent. commission on this claim? This is one that is worth it. To ever get anything out of this party we have to keep after him all the time, and by so doing we may be able to get something in small payments. To do this it will require considerable time and expense, and we do not think a 25 per cent. commission would pay us anything. We have done so much work on it we dislike to give it up as a hopeless case. Take the matter up with client and advise us. It is very seldom that we ever ask for 50 per cent. commission, but we feel that this is one claim that is sure worth it." (Letter dated October 4, 1924.)

This proceeding originated before the adoption of Laws 1925, c. 100, conferring jurisdiction on the board of commissioners of the state bar in matters of discipline. However, we deemed it proper, in view of the present relation of that board to this court in such matters, to request its opinion upon the pleadings and the evidence. The board was unanimously of opinion that the respondent is guilty and should be disbarred. Upon the facts herein stated, we concur in that view.

It is therefore ordered and adjudged that the respondent, said J. E. Fleming, be and he is hereby disbarred; that his name be and it is hereby stricken from the roll of attorneys of this court; and that he be and he is hereby precluded from practicing as an attorney in each and all of the courts of this state.

PARKER, C. J., and BICKLEY, J., concur.