## In re TILLMAN.

No. 22395. Opinion Filed May 17, 1932.

J. R. Keaton, George S. Ramsey, and Ben F. Williams, for State Bar of Oklahoma.

Hamilton, Gross & Howard, for respondent.

CULLISON, J. Fred Tillman, respondent, filed his petition in the Supreme Court requesting a review of the opinion of the Board of Governors rendered on January 10, 1931, wherein the Board of Governors ordered that Fred Tillman be suspended from the practice of law in the state of

Oklahoma for a period of 30 days from and after the approval of said order by the Supreme Court of the state of Oklahoma.

The record discloses that Fred Tillman was an attorney at law at Pawhuska, Okla. That Fate Colbaugh had been convicted in the United States District Court for the Northern District of Oklahoma and sentenced to serve three years in the federal penitentiary and to pay a fine of $300.

Tillman did not represent Colbaugh in the trial of said cause, but immediately after said conviction, J. L. Colbaugh, father of Fate Colbaugh, employed respondent herein to secure bail for Fate Colbaugh and paid respondent $250 for said service.

J. L. Colbaugh then employed respondent to perfect and carry out an appeal in the Circuit Court of Appeals in the case of United States v. Colbaugh and was to pay a $500 fee therefor. Said fee was to cover the expense of preparing the record and all expense incident to said appeal. On January 19, 1926, $100 was paid on said fee, and on May 3rd, following, $200 was paid on said fee.

On May 25th thereafter, respondent announced to the Circuit Court of Appeals in open court that he withdrew as attorney for Colbaugh in his appeal pending in the Circuit Court of Appeals. This was the date said cause was set for hearing in the Circuit Court of Appeals. Said court immediately directed that Colbaugh be notified of the status of his appeal and was given until June 2d to show cause why his appeal should not be dismissed.

Respondent returned to Pawhuska from his appearance before the Circuit Court of Appeals and Colbaugh interviewed respondent on May 28th, and paid $100 to apply on his attorney's fee, leaving $100 unpaid on the $500 fee. Respondent prepared mimeograph briefs in support of Colbaugh's appeal in the Circuit Court and immediately forwarded the same to an attorney at St. Paul, Minn., to be presented to the Circuit Court. The court refused to permit the briefs to be filed, and dismissed his writ of error.

Colbaugh secured other counsel and filed a motion praying the Circuit Court of Appeals to recall the mandate in said cause. The mandate was recalled, printed briefs filed in said matter, and the judgment and sentence of three years in the penitentiary and $300 fine was reversed by the Circuit Court of Appeals by reason of insufficient evidence. (Colbaugh v. U. S., 15 F. (2d) 929).

The Board of Governors found that said cause comes within paragraph 3, section 4106, C. O. S. 1921, and recommended a suspension of 30 days for respondent because of his violation of said duty as an attorney under the law.

The sole question to be determined in this proceeding is whether or not the findings of the Board of Governors are substantiated by the evidence in said cause, and as to whether or not the conclusions of law directly follow as a result of said findings of fact.

This case was tried before the Board of Governors of the state of Oklahoma as constituted under chapter 264, Special Session of the 12th Legislature, 1929. Under the State Bar Act, the Board of Governors is elected for the purpose of hearing and passing upon matters relative to the professional conduct of the members of the bar of this state.

The evidence in the case at bar was presented to said board, and the board, after hearing all the evidence and carefully considering the same, found that the withdrawal of respondent as attorney for defendant was unwarranted and his conduct such as cannot be condoned by the bar of this state, and as penalty for such conduct, suspended the respondent from the practice of law for 30 days.

The contention of respondent is that the evidence in said cause does not warrant the findings made by the Board of Governors.

The Board of Governors in the trial of said cause are the triers of the facts, the same as a referee in an equity action, or a judge in a trial of a suit in equity, and the rules governing equity actions govern on appeal in this court.

We hold that said rule is applicable to the case at bar, and hold that there is competent evidence to support the findings of the Board of Governors and that the findings made by it are not against the clear weight of the evidence and should be approved.

These are matters for the Board of Governors to pass upon. They are attorneys of wide experience, eminently competent to pass upon said matter, and the findings made by the Board of Governors will be conclusive upon this court where there is competent evidence reasonably tending to support the same.

The petition to review and dismiss said cause is denied, and the findings of the

Board of Governors are approved and affirmed.

It is therefore ordered that Fred Tillman be and he is hereby suspended from the practice of law in the state of Oklahoma for a period of thirty (30) days from and after the date upon which this judgment becomes final.

HEFNER, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., concurs in conclusion. LESTER, C. J., and RILEY and ANDREWS, JJ., absent.

Note.—See under (2) 2 R. C. L. 939; R. C. L. Perm. Supp. p. 581.