### In re PURDY.

No. 24435.   Oct. 17, 1933.

Warren T. Spies, George C. Abernathy, and E. R. Jones, for the State Bar of Oklahoma.

H. J. Mackey and W. C. Purdy (on brief), for respondent, W. C. Purdy.

CULLISON, V. C. J. W. C. Purdy was a member of the Oklahoma Bar. Mrs. Marie Listen preferred charges against W. C. Purdy, which said charges were heard by the local administrative committee of the State Bar. After hearing the evidence in said matter, the committee made its findings and referred the same to the Board of Governors. The Board of Governors considered said matter, affirming the findings of the administrative committee. The Board of Governors further found that Purdy had violated Rules 29 and 30 of the Rules of Professional Conduct of the State Bar of Oklahoma and that he had violated the oath of office taken upon admission to the bar, and recommended disbarment of the respondent.

The case is here for review of the order of the Board of Governors disbarring said W. C. Purdy.

Respondent Purdy in his brief presents a number of assignments of error, but the only question discussed through his brief is the evidence in said cause. In the case of In re Tillman, 157 Okla. 166, 11 P. (2d) 511, this court had under consideration a case identical with the case at bar in that the Tillman Case was a review of the findings and decision of the Board of Governors, and in passing on the Tillman Case this court announced the following rule:

"Where the Board of Governors of the State Bar of Oklahoma try a cause and render findings therein, this court will on appeal review and weigh the evidence, but will

not reverse the finding unless it is against the clear weight thereof."

Under the rule as announced in the Tillman Case, where the Board of Governors has considered a case and rendered its findings therein, this court will not reverse the findings unless against the clear weight of the evidence.

We have carefully examined the entire record in the case at bar, which discloses the following facts.

Mrs. Marie Listen was injured in an automobile accident on January 31, 1932. She was taken to the St. Anthony's Hospital and her automobile was towed in to a garage. The following day W. C. Purdy, respondent herein, and Harry C. Baldwin entered the garage in which said automobile had been placed, examined the same, and upon the proprietor requesting if there was anything he could do for said parties, they departed therefrom without responding to his inquiry. The proprietor of the garage, Clyde Reed, testified concerning said matter at a hearing before the committee and identified Mr. Purdy as one of the men who came to the garage and inspected the car the day following the accident.

On the same day, Baldwin, who was associated with Purdy as a runner in this case, contacted Mrs. Listen by going to St. Anthony's Hospital, entering her room, and briefly discussing matters with her, making certain suggestions to her, apparently to aid her in handling said matter. He entered her room without invitation and in disregard of a notice on the door that no visitors should be admitted.

Shortly thereafter, Baldwin and Purdy came to the hospital and interviewed Mrs. Listen relative to handling her damage claim. Mrs. Listen had communicated with Hill Anglea, an attorney who had just handled her husband's estate shortly prior to the accident, and requested that he (Anglea) check up certain phases of law in regard to said accident.

She informed Purdy of this fact and Purdy advised her that Anglea would not handle such cases as hers, whereupon she asked Mr. Purdy to call Anglea and talk to him. He told her there was no use to do so, pulled a contract out of his pocket, and proceeded to induce her to sign a contract contracting to employ him as her attorney in the automobile accident matter.

Under the terms of said contract, Purdy was to receive 25 per cent. of the amount recovered without suit, and if suit was filed, he should receive 50 per cent. of the amount recovered.

The more serious offense against Purdy in the case at bar is the fact that he concealed from his client material facts, to wit, the amount offered in settlement of said damage claim.

The representative of the party who injured Mrs. Listen was consulted by Purdy relative to settlement of said claim. After considering said matter the representative made an offer of $1,000 in payment of damages due Mrs. Listen and the repair of her car. The car repair figured $250.

When Purdy communicated with her he advised that the offer was $500 and the repair of her car, thereby concealing from her the amount of the offer in the amount of $500. Later, he filed suit for Mrs. Listen seeking to collect for said injury, the suit having been filed 16 days after he entered the case.

In our consideration of this matter we observe that Purdy's conduct discloses one of two motives, either of which was bad. He either concealed the amount of the offer of $1,000 so that Mrs. Listen would not consent to the settlement in order that he might file suit and thereby acquire a 25 per cent. larger amount of the recovery, or he concealed the actual amount offered with the intention of keeping $500 of said amount of damages for himself in addition to the regular amount allowed him under his contract. Either or both of said objectives were reprehensible on the part of Purdy in his conduct of said litigation for his client.

The record further discloses that after Purdy had received the offer relative to a settlement of said injury, the representative who had made said offer was preparing to leave Oklahoma City for some time, and that Mrs. Listen having called him once before and inquired about said settlement and he having informed her that he could not discuss it with her, but that same should be discussed by her with her attorney and that he would consult with her attorney, but knowing that he was leaving, he informed Mrs. Listen of the true amount of said offer. This was the first information that she had of the real amount offered in settlement of said claim.

These are the material facts testified to in the hearing on said cause. Purdy denied a part of the same, so that there was a conflict in some of the evidence, but the com-

mittee hearing said cause gave the more weight to Mrs. Listen's testimony, and the number of witnesses testifying for her.

The evidence is ample to support the findings of the Board of Governors wherein they found that he had violated Rules 29 and 30 of Professional Conduct, had violated his oath of office, and affirmed the finding of the committee hearing said cause, that respondent testified falsely before the committee.

Under the facts and the authorities of this case, the order of the Board of Governors disbarring respondent, W. C. Purdy, is approved.

RILEY, C. J., and SWINDALL, McNEILL, OSBORN, BAYLESS, and WELCH, JJ., concur. ANDREWS and BUSBY, JJ., absent.