### In re FLEMING.

No. 23308.    Feb. 13, 1934.

I. C. Sprague, for respondent.

J. H. Everest, W. H. Loofbourrow, and John H. Cantrell, for State Bar of Oklahoma.

McNEILL, J. This proceeding involves the disbarment of J. E. Fleming, a member of the State Bar of Oklahoma, referred to as respondent herein, by reason of the fact that he had been disbarred from the practice of law by the Supreme Court of the state of New Mexico on August 26, 1927.

It appears that respondent was admitted to the practice of law by the United States District Court for the Southern District of Indian Territory on September 24, 1907, and thereafter admitted to the practice of law by the Supreme Court of this state on motion on January 4, 1913; that he thereafter went to the state of New Mexico in January, 1922, established a location, and became a citizen and resident thereof; that he was admitted to the bar of the state of New Mexico on January 14, 1922, and practiced in that state until December 26, 1924; that he then returned to the state of Oklahoma, and that since his return he has been engaged in the practice of law, residing at Smithville, Okla., an inland town of approximately 300 inhabitants, located in the southeastern part of Oklahoma.

It also appears that disbarment proceedings in New Mexico were instituted against respondent upon the accusation of the Attorney General of that state; that respondent while he was a practicing attorney at Santa Rosa, N. M., was charged with professional misconduct, and specifically with failure to account for moneys of certain clients coming into his hands as an attorney. These charges were preferred against respondent after he had returned to the state of Oklahoma. Respondent denied the charges against him, and alleged that all such sums had been remitted prior to the commencement of the proceedings against him. In mitigation of the circumstances, respondent in his answer, alleged that at the time he had a large collection business conducted largely through stenographers, and that his files had become confused; that when his attention was called to the matter set forth in the accusation he caused a complete search to be made of his files and records, and upon ascertaining the several amounts due to his clients made remittance therefor in full; that "though perhaps careless, he had no wrongful intent"; that he was financially unable to return to New Mexico to appear in person.

The matter was submitted by stipulation upon the pleadings and documentary evidence. The Supreme Court of New Mexico, in that case, In re Fleming, 259 P. 613, said in the syllabus as follows:

"Attorney disbarred for failure to account for moneys of clients."

In the body of the opinion, the court said:

"The evidence does not permit us to accept respondent's protestations of mere carelessness and of no wrongful intent."

The court quotes from correspondence of respondent to the American Credit-Indemnity Company, a forwarder. These letters, in effect, appear to deny that the debtor had made any payments on the account which had been forwarded for collection, when certain amounts in fact had been collected by respondent, either personally or through his office. The Supreme Court of New Mexico also said that the Board of Commissioners of the State Bar "was unanimously of opinion that the respondent is guilty and should be disbarred. Upon the facts herein stated we concur in that view."

After the complaint was filed before the State Bar of Oklahoma, the matter was referred by the Board of Governors of the State Bar of Oklahoma to the administrative committee for said board, section No. 27, in which respondent resided, and after the hearing on the matter said administrative board found that said respondent had conducted himself since his residence in McCurtain county, Okla., in all professional matters in an ethical manner. The administrative board recommended to the Board of Governors that, if the mere fact of such disbarment by the state of New Mexico was sufficient to warrant disciplinary measures, said respondent should be required or given a reasonable opportunity to appear before the Supreme Court of the state of New Mexico and endeavor to secure a modification of the decree of that court, and that the action of the Board of Governors await termination of such application. The said administrative board also recommended that if the Board of Governors should determine that the mere fact of such disbarment was not sufficient to warrant disciplinary measures, then, in that event, the complaint against respondent should be dismissed.

It further appears that respondent did make application before the Supreme Court of New Mexico for reinstatement as a member of the bar of the state of New Mexico;

In re Fleming (N. M.) 8 P. (2d) 1063. The Supreme Court of that state said:

"Application for reinstatement of attorney, made after judgment of disbarment became final, must be treated as application for admission to practice."

In his application for readmission, respondent stated that he "has no immediate intention of returning to this state to reside, or to engage in the practice of the law." Respondent had made his application to the Supreme Court of New Mexico for reinstatement as a member of the bar of that state for the purpose of setting aside and vacating the disbarment judgment against him. The Supreme Court of New Mexico, in consideration of the application for reinstatement, in the syllabus said:

"Disbarred attorney who is not bona fide resident of state held not eligible to reinstatement, in effect, application for admission to practice."

In the body of the opinion, the court said:

"The applicant, a nonresident, has submitted to us communications from members of the bench and bar and other officials and residents of the state of Oklahoma, who vouch for the uprightness of the applicant's life and his ethical conduct as a lawyer during the past seven years, which constitute a good ex parte showing, but it will not be necessary for us to consider the character of the applicant in deciding this matter. Aside from the question of his moral reformation, an applicant for reinstatement must otherwise be eligible to admission to the bar. One of the requisites is that the applicant shall be a bona fide resident of this state. 1929 Comp., sec. 9-119. The application should be denied, and it is so ordered."

The Board of Governors found that the order of disbarment made by the Supreme Court of New Mexico had not been modified or set aside, but was in full force and effect, and concluded, as a matter of law, as follows:

"As stated, the certified record of the proceedings in the Supreme Court of New Mexico and the opinion of the court in the cause were introduced in evidence. From an intrinsic consideration thereof, it appears that due process of law was accorded the respondent; that there was no informity of proof as to give rise to a clear conviction that the conclusion of the Supreme Court of New Mexico as to the want in respondent of fair private and professional character should not be accepted as final; and that no grave reason exists why the consequences of the order of disbarment of the court would conflict with the duty to the public to disbar."

The Board of Governors recommended to this court that an order be entered disbarring respondent from the practice of law in this state and striking his name from the rolls of the members of the bar of the state.

The Board of Governors of the State Bar of Oklahoma have set forth in their brief the general propositions which respondent is urging upon this court, as follows:

"1. The State Bar of Oklahoma has no jurisdiction over the subject-matter.

"a. Because the offense was committed and the order of disbarment by the Supreme Court of New Mexico entered before the State Bar Act of Oklahoma became effective;

"b. Because there is no express provision contained in the statute law of Oklahoma under which the respondent could be tried and disbarred upon the accusation filed against him.

"2. The Board of Governors and this court should not accept the decision and decree of the Supreme Court of New Mexico as an adjudication of the fact that the respondent has lost his fair private and professional standing as a member of the bar.

"3. That the respondent is now a lawyer of good professional standing, and though not reinstated in New Mexico, should not be deprived of his membership in the State Bar of Oklahoma, even though the blot still stands against his good name in the state of New Mexico."

Under the rule of professional conduct, section 4234, O. S. 1931, the Board of Governors of the State Bar of Oklahoma has adopted rules, and the same have been approved by this court. One of the rules relative to causes for disbarment, suspension, or other disciplinary action provides:

"Nothing contained in the foregoing rules shall limit the right of the Supreme Court to disbar, suspend or discipline any attorney for cause or for contempt of court."

This court has jurisdiction of the respondent and the subject-matter involved even though the offense upon which the Supreme Court of New Mexico based its opinion arose prior to the effective date of the State Bar Act. See State Bar of Oklahoma v. McGhee, 148 Okla. 219, 298 P. 580, and In re Tillman, 157 Okla. 166, 11 P. (2d) 511.

The professional conduct of a member of the bar of this state, "no matter where committed," furnishes "adequate reason for taking away his right to continue to be a member of such bar in good standing." Selling et al. v. Radford, 243 U. S. 46, 61 L. Ed. 585.

In considering disbarment proceedings, the courts have unquestionable and inherent power to disbar or discipline an attorney even though these are not accordant with statutory grounds upon cogent reasons that a member of the bar is not a fit person to be allowed the privileges of an attorney.

In 6 Corpus Juris, page 581, the following rule is stated:

"This inherent power of the courts cannot be defeated by the legislative, or executive departments. * * * The action of the court in the exercise of this power is judicial in its character and the real question for determination in such proceedings is whether or not the attorney is a fit person to be longer allowed the privileges of being an attorney. The power is not an arbitrary and despotic one; * * * it is rather one to be used with moderation and caution, in the exercise of a sound judicial discretion, and only for the most weighty reasons, and upon clear legal proof."

The ordinary situation is not presented in this case. The respondent was regularly admitted to the practice of law in this state, and so far as the record shows was a member of the bar in good standing when he left this state and commenced the practice of his profession in the state of New Mexico. After his return to this state, disbarment proceedings were instituted against him in the state of New Mexico. We need not consider the theory of respondent which caused the filing of these charges against him, nor the reasons why the same were submitted to the court upon stipulation, and the assurances which he had received by those in whom he reposed confidence that there was no merit to the charges preferred against him and that the same would be dismissed. The record indisputably shows that respondent is held in high esteem by the members of the bar of his county and members of the judiciary before whom he appeared in the county and district courts. His record while practicing at Smithville is clean, ethical, and unquestioned. Letters attesting these commendable acts were presented to the consideration of the Supreme Court of New Mexico in respondent's application for reinstatement as a member of the bar of New Mexico as shown by the record herein. That court considered this ex parte showing, but was powerless, in spite of these communications from the bench, bar, and other public residents of the state of Oklahoma vouching for the ethical reputation of respondent as a lawyer while practicing his profession in the state of Oklahoma, to set aside its judgment of disbarment and reinstate him as a member of the bar of that state by reason of the fact that respondent at the time of the making of said application was not a bona fide resident of that state as required by the statutory laws of the state of New Mexico.

Respondent finds himself in a peculiar predicament tied to a real nexus. He was in the first instance admitted to practice his profession in the state of Oklahoma. By reason of ill health of a member of his family he went to the state of New Mexico, where he was admitted to practice the profession of law. After remaining in that state a few years, he returns with his family to the state of Oklahoma. While practicing his profession in Oklahoma, proceedings for his disbarment were instituted in the state of New Mexico. The Supreme Court of New Mexico entered its order of disbarment. Thereafter, by reason of this disbarment, it is brought to the attention of the State Bar of Oklahoma, and charges are filed against him for his disbarment in this state, based solely upon the disbarment in New Mexico. He then makes application to vacate and set aside the disbarment, and to become reinstated as a member of the bar of the state of New Mexico without the intention of becoming a citizen of that state ostensibly for the purpose of removing the ground of disbarment against him which has been lodged before the State Bar of this state. Men and officials of highstanding and unquestioned character vouch for his clean, ethical conduct as a lawyer in the state of Oklahoma after his return from New Mexico.

We do not commend his acts upon which the Supreme Court of New Mexico based its decision for disbarment, but in view of the unquestionable worthy conduct of respondent, in the practice of his profession for several years at the little town of Smithville, and in view of the fact that the bar and bench, public officials and upright citizens of that county, vouch for his ethical conduct and professional integrity, we do not believe that the ends of justice would be served in denying respondent the privilege to practice his profession by reason of a former act of indiscretion in a sister state, especially when the Supreme Court of that state on an application for reinstatement by inference at least seems to hold that the respondent's application for reinstatement as a member of the bar of that state could not be considered by reason of the fact that said respondent was not a bona fide resident of the state and had no immediate intention of returning to that state to reside or engage in the practice of law.

Under this record we would not be justified in holding that respondent is not a fit

person to be allowed the privilege of practicing his profession in this state. In view of the fact that wide publication has been given to his disbarment in the state of New Mexico by publication of aforesaid opinions in the Pacific Reporter, to wit, In re Fleming, 259 P. 613, and In re Fleming, 8 P. (2d) 1063, and the publication of this opinion, we conclude that the same commensurately suffices as a discipline. This record stands.

The proceeding for disbarment is dismissed.

RILEY, C. J., and SWINDALL, ANDREWS, BAYLESS, and OSBORN, JJ., concur.