## CHARLTON v. STATE BAR OF OKLAHOMA.

No. 24975.   March 12, 1934.

Charles W. Pennel, for respondent, J. R. Charlton.

Frank G. Anderson, Frank M. Bailey, Wade H. Loofbourrow, Tom Finney, and Reuel Haskell, for the State Bar of Oklahoma.

BUSBY, J. This is a proceeding to review the recommendation of the Board of Governors of the State Bar of Oklahoma that J. R. Charlton, a member of the Washington county bar, be suspended from the practice of law for a period of 90 days.

Two complaints were filed, charging the respondent with receiving money to be used as court costs in divorce proceedings, and alleging that the respondent kept the fees and caused complainants, without their knowledge, to sign pauper affidavits which were filed in lieu of costs.

It is shown in the sworn complaint of Mrs. Fred (Sylvia) White of Bartlesville, Okla., that she employed the respondent to secure a divorce; that prior to the filing of the divorce proceedings she was informed by the respondent that it would be necessary for her to advance as court costs in the proceeding the sum of $10; that she advanced the same to be used as costs; that respondent caused certain pleadings to be filed containing a pauper's affidavit indicat-

ing that the complainant was a pauper and that no costs were deposited by the respondent; that complainant's signature to the pauper's affidavit was procured by misrepresentation as to its contents and that she never knowingly filed a pauper's affidavit, nor was advised that such would be required in the case.

The complaint further alleges that respondent told her his fee would be $50 and that same would be collected from her husband, Fred White, and that the divorce decree so required and the full amount of the fee was paid; that complainant has requested of the respondent the return of the $10 and that her request has been denied.

A similar complaint, under oath, was filed by Hattie E. Butcher of Bartlesville, Okla., wherein she alleged the employing of respondent to secure a divorce and that she advanced to him at his request $10 to be used as court costs; that without her knowledge she was induced to sign a pauper's affidavit in lieu of costs; that an attorney's fee of $50 as agreed upon was paid respondent by her husband, Marion Butcher; that respondent never deposited any part of the $10 as court costs and refuses to return the same to the complainant.

The respondent filed his answer to each of the complaints and set up his defense thereto. The cause was heard before the administrative committee, the respondent appearing in person and by attorney. The committee rendered their decision and recommended that the respondent be suspended from practice of law for 90 days. To these conclusions and recommendations respondent filed exceptions.

The cause was thereafter presented to the Board of Governors of the State Bar of Oklahoma. They rendered their statement of the cases, with findings of fact:

"1. That at all times under consideration, the respondent, J. R. Charlton, was, and is, a member of the State Bar of Oklahoma, residing in Washington county, Okla.

"2. That on February 24, 1932, in the case of White v. White, cause No. 11939, pending in the district court of Washington county, the respondent filed a poverty affidavit as attorney for and on behalf of the plaintiff, knowing full well that the plaintiff was not a pauper, and having in his possession, at the time, the sum of $10 delivered to him by the plaintiff.

"3. That on June 29, 1931, in the case of Butcher v. Butcher, cause No. 11680, pending in the district court of Washington county, the respondent, as attorney for and on behalf of the plaintiff, filed a poverty affidavit, knowing full well that the plaintiff was not a pauper, and having in his possession at the time the sum of $10 delivered to him by the plaintiff."

Upon the foregoing facts found, the Board of Governors rendered conclusions of law:

"(1) That by the filing of the poverty affidavit in each case the respondent was guilty of violation of his oath as attorney and counselor at law, wherein he swore that he would do no falsehood or consent that any be done in court, and that if he knew of any that he would give knowledge thereof to the judge of the court, that it might be reformed; and in so being guilty he has committed causes No. 4 and 7 of the causes for disbarment or suspension."

It was recommended by the Board of Governors of the State Bar of Oklahoma that an order be entered suspending the respondent, J. R. Charlton, from the practice of law for a period of 90 days.

The only question presented for consideration here is whether or not the findings of the Board of Governors are against the clear weight of the evidence.

We think the findings of the Board of Governors is fully sustained by the evidence. These parties for whom decrees of divorce were secured by respondent lived in Bartlesville. One of them owned property from which she was receiving rentals of $110 per month, and it appears from the record that she was very greatly chagrined over being placed before the public as a pauper. The testimony presented by the respondent has received due consideration, but this court, after consideration of all the testimony, is inclined to the belief that the charges presented are true and that the findings of the Board of Governors of the State Bar should not be set aside. This court has adhered to the rule that:

"Where the Board of Governors of the State Bar of Oklahoma try a cause and render findings therein, this court will, on appeal, review and weigh the evidence, but will not reverse the finding unless it is against the clear weight thereof." In re Tillman, 157 Okla. 166, 11 P. (2d) 511; In the Matter of W. H. Hills, 170 Okla. 427, 49 P. (2d) 1031.

We find no reason why this rule should be relaxed in the instant case.

It is therefore ordered that J. R. Charlton be, and he is hereby, suspended from the practice of law in the state of Oklahoma for a period of 90 days from and after the

date upon which this judgment becomes final.

RILEY, PHELPS, GIBSON, and CORN, JJ., concur.