### In re MYRES.

No. 24081.   July 10, 1934.

Rehearing Denied Dec. 11, 1934.

Application for Leave to File Second Petition for Rehearing Denied April 30, 1935.

C. B. Stuart and E. J. Doerner, for appellant.

Geo. C. Abernathy, for the State Bar of Oklahoma.

WELCH, J. This is a proceeding to review the findings and an order of recommendation of the Board of Governors of the State Bar of Oklahoma that respondent, Wm. J. B. Myres, be suspended from the practice of law for a period of three years.

The respondent was charged with receiving money of his client which he failed, neglected, and refused to pay over.

His client was a woman engaged in the mercantile business. His employment finally extended over many months, during which time he served her in the defense of suits brought by creditors, in extended effort to compromise with creditors, and in bankruptcy. He also collected open accounts for her both before and after bankruptcy. On many occasions money transactions and transfers were had between him and his client. He was tardy in reporting and remitting sums collected, and in the payment of checks which were not payable at the bank when he gave them to his client, and was far from prompt in furnishing his client a requested final accounting.

When respondent did comply with the demands of his client and furnish a statement of all sums collected by him, he made charges for services which exceeded the balance remaining in his hands by several hundred dollars. These fee charges were greatly in excess of his former agreement with his client as to what the fee would be for certain services. There was much dispute between the respondent and his client as to what agreements were had as to the fees to be charged, and as to what services were contemplated to be rendered in the beginning. There was also direct conflict in many instances between respondent and his client as to transactions between them in cash or currency, and as to

checks of respondent not paid when presented. Before bankruptcy respondent agreed to collect open accounts for 25 per cent. After bankruptcy he proceeded with these accounts, assuming to charge them a fee of 50 per cent. There was question as to whether certain accounts were collected before or after bankruptcy.

After an extended hearing, as shown by a voluminous record, the examining committee, and on review, the Board of Bar Governors, found the various issues against respondent, and found him guilty of the charges preferred against him. There was a finding that when the employment was about to terminate, and when respondent did furnish his client a statement of sums collected, respondent raised the fee charges to sums not authorized for the purpose of thereby excusing his former failure to pay over money belonging to his client, and for the further purpose of thereby consuming the balance that otherwise would have remained due the client.

All of these findings against the respondent are sustained by competent evidence. The rule is that such findings will not be reversed unless against the clear weight of the evidence. In re Tillman, 157 Okla. 166, 11 P. (2d) 511; In re Purdy, 166 Okla. 31, 25 P. (2d) 1096.

It is not necessary to treat the facts in more minute detail. The respondent by prompt and proper conduct could and should have paid his client her money, and kept her advised as to the progress of her affairs entrusted to him. He could have avoided every dispute which later developed with his client by diligence, prudence, and fidelity to his client. We must conclude from the record that the respondent in his dealings with his client fell far short of rendering that character of service and strict fidelity to his client in the matter of her money which is required in such a relationship. Her financial difficulties all but forced her to place implicit reliance upon some legal counsel. She chose the respondent and was entitled to rely upon him as a member of the bar of this state, not only to serve her interest, but to promptly and faithfully account to her for her money. His belated report of collected funds, balanced by unauthorized fee charges, cannot be accepted as a discharge of his duty to account to his client and pay over her money to her. His breach of his duty in the many instances shown by the record beyond question requires disciplinary action.

The authorities of the State Bar evidently concluded that this respondent was a man of promise, and that a suspension from the practice of law for a definite period of time would meet the necessities of the case and more nearly serve the proper purpose. In view of the determination of other bar cases, and after careful consideration of the record here, we approve that conclusion, but it is the view of the court that the suspension for three years as recommended may in this case be properly reduced to a suspension for one year.

The respondent in his petition for review here urges that the findings of the Board of Governors are not sustained by the evidence, and are wholly against the weight of the evidence. These conditions are not borne out by the record. Quite the contrary appears.

The findings and recommendations of the Board of Bar Governors are approved, with modification of the term of suspension, and the respondent, Wm. J. B. Myres, is suspended from the practice of law for one year from the date this opinion becomes final.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, McNEILL, OSBORN, and BUSBY, JJ., concur. ANDREWS and BAYLESS, JJ., absent.