### In re HILLS.

No. 24823.    Jan. 29, 1935.

C. D. Roseman and H. G. McKeever, for respondent, W. H. Hills.

Frank M. Bailey and Frank G. Anderson, for the State Bar of Oklahoma.

BUSBY, J. This is a proceeding to review the recommendation of the Board of Governors of the State Bar of Oklahoma that W. H. Hills, a member of the Enid, Oklahoma, Bar, be disbarred from the practice of law in this state.

A complaint was filed on March 9, 1932, by L. E Roseboom, an attorney at law, charging the respondent with misconduct in the following particulars:

(1)   That on or about May 17, 1931, Marie D. Baughman exchanged $14,500 in Liberty Bonds for certain shares of pre-organization stock of Southwestern National Fire Insurance Company, from J. A. Patterson, an agent of W. J. Otjen, an attorney of Enid, Okla., and president of said company.

(2)   That on or about May 27, 1931, Hills entered the office of W. J. Otjen without authority or permission of said Marie D. Baughman, and did then and there have said stock in his possession and represent to the said W. J. Otjen that the said Marie D. Baughman wanted to sell its stock to the company and cash it in; that after some negotiations Hills and Otjen arrived at a price for said stock, i. e., $12,200, a check for which sum payable to Marie D. Baughman was delivered to Hills, wherein and whereby within ten days Marie D. Baughman suffered a net loss of $2,300, "as a result of W. H. Hills' false representation to her."

(3)   That Hills indorsed the name of Marie D. Baughman on said check and

cashed it and purchased five drafts all payable to himself for the full amount, retained one of the drafts for $1,000 for himself and distributed the other drafts to members of the Anglo-American Royalties Corporation, all of whom he represented personally as attorney, and also represented the Anglo-American Royalties Corporation as its attorney.

(4) That Hills was not in the employ of Marie D. Baughman and had no right to represent her in the capacity of attorney or any other capacity, and deliberately marketed her stock in the Southwestern National Fire Insurance Company with the intent to deprive her of the proceeds of same and divide the same with members of the Anglo-American Royalties Corporation and retaining one draft for $1,000 for himself.

(5) That Hills, as attorney for Anglo-American Royalties Corporation, knew that it was a nefarious organization composed of a number of crooks, for the purpose of defrauding honest people out of valid securities, and that he must have known the same, as he had represented certain members in criminal matters before this time.

Evidence in the case was taken before Honorable L. A. Rowland, member of the Board of Governors. The Board of Governors made certain findings of fact, a majority thereof recommending disbarment of respondent, three members voting for one year's suspension, one dissenting, and one absent and not participating.

The substance of the findings made by the Board of Governors may be stated as follows:

1. That from April, 1929, to May, 1930, respondent Hills had business relations with one Ben Fields (now in Leavenworth penitentiary) and his associates, McIntyre, Patterson, and Henrique, with special reference to activities of Fields-Noonan Company, Fields Investment Company, and Anglo-American Royalties Corporation; that respondent knew of many transactions in which these persons were charged with fraudulent conduct in the sale of worthless stock; that these persons were associated together in these activities; that he had acted as attorney for Fields and Henrique in criminal charges; that Hills knew that dividends were being temporarily paid by a stock-selling agency; that he accepted two blocks of 5,000 shares each of the stock of the Anglo-American Royalties Corpora-

tion and received so-called dividends on this stock; that respondent knew the individuals above named had been selling Anglo-American Royalties Corporation stock through fraudulent methods.

2. That on May 27, 1930, respondent Hills was present at Kingfisher, Okla., with J. A. Patterson, witnessed the signature of Marie D. Baughman as she indorsed in blank certificates of stock representing 810 shares of the Southwestern Fire Insurance Company; that he was at the time aware that said Patterson was attempting to exchange Anglo American Royalties Corporation stock for said insurance company stock; that he participated in a conspiracy with Patterson and McIntyre to accomplish such exchange and helped to complete the fraud on Marie D. Baughman; that he had no authority to represent Marie D. Baughman in selling said stock, and was in fact representing McIntyre and Patterson.

3. That he had no authority to distribute the proceeds of said stock among Patterson, McIntyre, and others as attorney for Mrs. Baughman, and that his doing so was a part of the conspiracy above referred to. * * *"

From the above findings the Board of Governors concluded that the respondent had ceased to possess the good moral character prerequisite to the admission to or continuance in the practice of law; that he has been guilty of commission of acts which render him unfit, unsafe, and untrustworthy to be intrusted with the powers, duties, and responsibilities of an attorney at law; and that he has been guilty of the violation of the oath taken by him upon his admission to the bar.

The question to be determined here is whether or not the findings of the Board of Governors are against the clear weight of the evidence. The principal contention of the respondent seems to be that the findings of the board are unwarranted, prejudicial, and not sustained by the evidence, and are based upon an interpretation of the evidence which attempts to show guilt on the part of respondent, when, if fairly construed and construed consistent with his innocence, as it should be, vindicates him instead of condemning him.

In the case of In re Tillman, 157 Okla. 166, 11 P. (2d) 511, it is said:

"Where the Board of Governors of the State Bar of Oklahoma try a cause and render findings therein, this court will on ap-

peal review and weigh the evidence, but will not reverse the finding unless it is against the clear weight thereof."

The above rule is applicable to the case at bar, and we hold that there is competent evidence to support the findings of the Board of Governors and that the findings made by it are not against the clear weight of the evidence, and should be approved, but the order of disbarment is modified as hereinafter set out.

It is not the purpose of this court to condone the acts of respondent for which the Board of Governors has recommended the infliction of disbarment; but, in view of the age of the respondent, the condition of his health and of certain other extenuating circumstances, it is the opinion of this court that the purposes and ends of justice will best be served by reducing the punishment recommended. We refer to the fact that respondent has been a member of the Enid bar for 30 years and that the record reflects that he has borne the confidence of the bar and the respect of the citizenship of that community as an attorney during that period.

It is therefore ordered that W. H. Hills be, and he is hereby, suspended from the practice of law in the state of Oklahoma for a period of six months from and after the date upon which this judgment becomes final.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS and CORN, JJ., concur.