## In re PRUIETT.

No. 24516.   July 2, 1935.

J. B. Dudley, for respondent.

V. P. Crowe and Clarence Mills, for the State Bar of Oklahoma.

BUSBY, J. This is an appeal by Moman Pruiett, hereinafter referred to as respondent, an attorney at law, from the action taken by the Board of Governors of the State Bar of Oklahoma in disbarring him from the practice of law.

A complaint was filed before the State Bar by L. E. Roberts charging respondent with an unlawful attempt to extort money from Roberts by threatening to file, and later filing, an alleged unlawful action in the district court of Oklahoma county. The matter of the complaint was heard before an administrative committee of the State Bar at which evidence was introduced; later additional evidence on behalf of the respondent was introduced before the Board of Governors. The opinion of the Board of Governors was unfavorable to the respondent and recommends his disbarment.

The testimony adduced to support the complaint is, in substance, about as follows: On or about July 3, 1931, L. E. Roberts, who was connected with the Wells Roberts Hotel in Oklahoma City and who lived at said hotel, was handed an envelope by one of his hotel clerks which was addressed to him and on which was written: "Get in touch with me by 10 a. m. July 3-31 or this petition will be filed. Moman Pruiett". The envelope contained an instrument designated "Petition" and was entitled "B. D. Harris, Plaintiff, v. L. C. Wells, P. G. Walker, Matt Doyle, and L. E. Roberts, Defendants." The petition charged the defendant L. C. Wells with criminal conversation with the wife of plaintiff and charged the other defendants with aiding, abetting, and assisting the defendant Wells in such transaction; the petition charged Wells with numerous acts of a salacious nature, including criminal conversation and licentious conduct with the wife of plaintiff Harris. The prayer of the petition prayed for $100,000 damages. The principal complaint against L. E. Roberts, however, was aiding and abetting Wells in Wells' conduct with Harris' wife. The testimony does not show who left the letter at the hotel. Roberts went to the office of respondent Pruiett at 10 o'clock on the morning of July 3rd in company with one R. H. Boyte.

On arriving at the office of Pruiett, Roberts inquired of him what the petition meant and told respondent that he knew nothing about the case and did not know B. D. Harris or Mrs. Harris and had never seen them. Respondent then related the story about the connection of L. C. Wells, an associate of Roberts, with Mrs. Harris. He further stated that thereafter Wells had agreed to pay a certain sum of money to avoid such a lawsuit, but that after such agreement and when respondent had theretofore gone to Tulsa to collect the money, Roberts' associate, Wells, then refused to pay anything and advised respondent to go see the county attorney of Tulsa county; that the county attorney of Tulsa county strongly advised respondent not to file the petition in that county. As Roberts left the office of Pruiett in Oklahoma City the respondent patted him on the back and said, "Bless your heart, Roberts, I don't think that you know anything about it". Later in the day the petition was filed in the district court of Oklahoma county, naming Roberts as one of the defendants. Later the suit as to Roberts was dismissed.

In his defense respondent denied that he left the petition at the hotel; denied that the handwriting on the envelope was his, and

further denied that he himself had prepared the petition. The salient facts remain, however, that he represented the plaintiff Harris; that he was thoroughly familiar with what the petition contained; that he carried on negotiations looking towards a settlement of the alleged claim; that he had no substantial reason to believe the defendant Roberts was guilty of the acts charged, and finally, he (respondent) directed the filing of the petition.

We think the findings of the Board of Governors are amply supported by the evidence. These are, in substance, that the respondent has been guilty of the violation of his oath taken by him upon his admission to the bar in that he wittingly, willingly, and knowingly filed a false lawsuit against L. E. Roberts and that he violated his duty as an attorney at law in that he counseled and maintained an action which he knew to be unjust and not supported by any facts and that he has been guilty of attempting to extort money by threatened false lawsuit in violation of his oath as an attorney.

We are of the opinion, after due consideration of the record in this case, that the findings of the Board of Governors should be, and the same are hereby, approved. But the order of disbarment is modified as hereinafter set out. See In re Tillman, 157 Okla. 166, 11 P. (2d) 511, In re Hills, 170 Okla. 427, 40 P. (2d) 1031, and Charlton v. State Bar of Oklahoma, 171 Okla. 128, 42 P. (2d) 233.

In mitigation counsel for respondent pleads that even if petitioner were guilty of this one offense, he should not suffer the extreme penalty of disbarment, but should be accorded another chance because of his past record. This court desires to be fair and just in the approval and disapproval of penalties inflicted upon erring members of the state bar and to temper justice with mercy. At the same time we must at all times condemn, and, where justifiable, protect the public from those members of the bar who, in their zeal in behalf of their clients, engage in practices degrading to the profession.

The record discloses that respondent is a man of very mature years; that he has for more than 40 years engaged almost exclusively and extensively in the practice of criminal law in the Southwest. In this particular field he is probably one of the best known lawyers in criminal practice in the Southwest. He is now in poor health. In-

stead of absolute disbarment, we favor giving respondent another chance. Apparently the language we used in Re Hills, supra, is applicable here:

"It is not the purpose of this court to condone the acts of respondent for which the Board of Governors has recommended the infliction of disbarment; but, in view of the age of the respondent, the condition of his health and of certain other extenuating circumstances, it is the opinion of this court that the purposes and ends of justice will best be served by reducing the punishment recommended."

We believe that after one year's suspension respondent Pruiett will realize the tremendous responsibility that an attorney owes to the courts and the public in general.

It is therefore ordered that Moman Pruiett be, and he is hereby, suspended from the practice of law in the state of Oklahoma for a period of one year from and after the date upon which this judgment becomes final.

McNEILL, C. J., and RILEY, BAYLESS, PHELPS, CORN, and GIBSON, JJ., concur. OSBORN, V. C. J., dissents.