## WESTON v. BOARD OF GOVERNORS OF STATE BAR.

No. 26824. Sept. 22, 1936.

Geo. C. Crump, H. W. Carver, C. H. Baskin, C. L. Hill, and Rudolph Hill, for petitioner.

Al Nichols, A. S. Wells, and Frank G. Anderson, for respondent.

WELCH, J. This is an original action for writ of prohibition to prohibit the Board of Governors of the State Bar of Oklahoma from proceeding against plaintiff here upon a petition of disbarment; plaintiff here alleging lack of jurisdiction for the reason that at the time of the acts charged against him plaintiff here was judge of the county court of Seminole county.

The case is presented here on the single question of jurisdiction. It is urged in plaintiff's behalf that an attorney at law cannot be disbarred if the attorney formerly held judicial office, and if the acts justifying disbarment were committed while he held such judicial office. The effect of this contention is to say that an attorney might continue in the practice of law with impunity, and the boldest impudence and audacity, though theretofore guilty of the most flagrant and vicious misconduct abundantly meriting disbarment, if at the time of such prior misconduct the attorney occupied a judicial position. No authorities are cited sustaining such contention. The exact question has not heretofore been considered by this court, but we find no great difficulty in deciding the question.

It must be remembered that the proceeding here sought to be prohibited questions the present right and fitness of plaintiff to continue as a member of the Bar of the State, and does not question or seek to test his rights or fitness to hold any state or county office.

The plaintiff argues at length that the State Bar has no authority to control or supervise the acts of judges, or to try accusations against judges of courts of record, charging them with misconduct as judges, or to take action against judges of courts of record which would result in removing them from office. While that is perhaps true, it is not here involved. This is a proceeding before the State Bar against a practicing attorney, an active member of the State Bar.

Plaintiff cites State Bar of California v. Superior Court in and for Los Angeles County (Cal.) 278 P. 432, holding that:

"Judge of court of record was not, during continuance in office, subject to jurisdiction, control, and processes conferred on State Bar Association."

There are other cases holding the State Bar may not proceed against judges of courts of record "during continuance in office," but none are applicable here, for the reasons stated.

It is urged that plaintiff, during the time he served as county judge, was expressly prohibited from practicing law, was therefore a nonmember or effectively suspended from membership in the Bar. For that reason there is urged a lack of jurisdiction in the Bar to hear evidence of acts done during that time. Under the Bar Act members from time to time are suspended for failure to pay dues, and upon proper payment are thereafter reinstated. Subsequently charges of acts justifying disbarment might be filed. We know of no rule which would prevent disbarment merely because the offenses were committed during any such suspension. It would be strange if a present member of the Bar could avoid a just judgment of disbarment by showing that when he committed the offenses his dues were delinquent and he was not then a "member."

No judicial decision has been cited by either of the parties directly upon the point in issue, and our independent investigation has failed to disclose one. The question before us is whether a duly licensed and practicing attorney at law in this state may be proceeded against in an action such as we have here when the charges made against him relate to acts and conduct during a time previous thereto when he held the office of a judge of a court of record. The cited cases are of little help by analogy. If such attorney was suspended from the practice of law during his incumbency in office, we cannot see how that would affect the question here. If he was not a member of the State Bar during his incumbency in office, and if the Board of Governors could not have proceeded against him during his incumbency in office, that would be of little importance here. Unquestionably he is not suspended now and he seeks to and is engaged in the practice of law, and unquestionably is now a member of the State Bar and a duly licensed attorney at law. Considerations of public policy which appear largely to have influenced the decisions to the effect that a judge of a court of record cannot be proceeded against in disbarment proceedings are entirely absent in this case.

We conclude that plaintiff's contention of lack of jurisdiction in the State Bar cannot be sustained. We hold that the Board of Governors of the State Bar have the jurisdiction and authority to hear charges against a practicing lawyer of disbarrable offenses involving moral turpitude rendering him unfit to be permitted to continue the practice of law, even though the offenses evidencing such loss of character occurred while he theretofore held judicial office.

In such a hearing that board should not take cognizance of any charge merely relating to lack of diligence in office, or to incorrect action or decision of cases, or to matters involving judicial discretion while in office. Such matters may be attacked and corrected by appeal, or by appropriate proceedings to remove from office if justified by the facts, but may not be the subject of State Bar action, either during or after the tenure in office of the judge. In short, the State Bar may not control or supervise the judges, but the Bar may purge itself of unfit members, even though they were formerly judges.

We must not be understood as declaring or assuming that this plaintiff is guilty of any offense. That will depend on the proof upon proper trial. We merely decline to follow his contention of lack of jurisdiction, and therefore refuse to prohibit the Board of Bar Governors. The prayer for prohibition is denied.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, BAYLESS, PHELPS, CORN, and GIBSON, JJ., concur. BUSBY, J., absent.