## In re HAYS.

No. 396.   Sept. 30, 1941.

*118 P. 2d 265.*

James M. Hays, of Okmulgee, for appellant.

John K. Speck, of Oklahoma City, for Oklahoma Bar Association.

ARNOLD, J.   This is a proceeding to review the findings and an order of recommendation of the Board of Governors of the Oklahoma Bar Association that respondent, James M. Hays, Jr., be suspended from the practice of law for a period of six months.

The respondent was charged with obtaining money belonging to his client which he failed, neglected, and refused to pay over.

The respondent was employed by Frankie McCaleb, the wife of the complainant, to file and obtain a divorce from the said complainant. She advised respondent that she had no money and that the costs of said action, together with all attorney's fees, must be obtained from the said complainant. Thereafter said action was filed and an order obtained requiring the complainant to pay into court $25 as temporary alimony and $25 temporary attorney's fees, together with the costs of this action. The temporary attorney's fee of $25 was paid to the court clerk and by him paid over to the respondent. The $25 temporary alimony payment was also paid to the court clerk and paid over to the respondent by said clerk. The record is not clear as to whether this alimony payment was ever delivered to the said Frankie McCaleb; however, no complaint is made thereon. Thereafter negotiations were had between the respondent and the attorney for the complainant. It was agreed that the divorce action would not be contested if no additional attorney's fee was requested, and in addition thereto it was agreed that said complainant would pay the sum of $20 per month for alimony, payable in two payments of $10 each. Shortly thereafter, a decree of divorce was entered in said action in conformity with said agreement. The complainant made the $20 alimony payment for the month of February, 1938. On request of the respondent, the court clerk delivered the check for said amount, less poundage charged by the clerk, to said respondent. Frankie Mc-Caleb had moved to Dallas, Tex., prior to the filing of said action. She was advised that the February payment had been made and that same had been delivered to the respondent. She wrote several letters to the respondent requesting that he forward same to her. He failed to answer any of said letters and did not forward the money to her. Thereafter, in August, 1938, she made a trip to Okmulgee, at which time she made a request of the respondent for this money, and respondent paid her $2, but has failed and refused to pay the balance thereof. It was admitted that there was no agreement between Frankie McCaleb and the respondent to pay any attorney's fee; that the respondent was to obtain his fee from her husband, the complainant herein.

An attorney at law has a general possessory or retaining lien on the property or money of his client for his services or for a general balance due him from his client. However, in the absence of an agreement for an additional fee, such attorney has no legal right to withhold any of the funds of said client even though such attorney might be entitled to an additional fee for the services rendered. In this case the respondent agreed to get his fee from the husband of his client and there was no agreement for her to pay him an additional fee. In re Choate, 174 Okla. 446, 50 P. 2d 706.

The findings of the Committee of Examiners and the Board of Governors will not be reversed unless against the clear weight of the evidence. In re Myres, 172 Okla. 123, 43 P. 2d 773. The record in this case sustains the findings made by the board. The respondent had no agreement with his client for the payment of any attorney's fee by her, and respondent would be entitled to no part of any moneys paid into the court clerk for her use and benefit as provided in the decree of divorce. He failed and refused to answer any of her letters with reference to same and upon demand did not remit to her such sum so retained by him. It is apparent that he fell far short of rendering that character of service and strict fidelity to his client in the matter of her money which is required in such a relationship. His breach of duty as shown by the record requires disciplinary action.

The Committee of Examiners and the Board of Governors by their recommendations determined that a suspension from the practice of law for a period of six months would meet the necessities of the case. We approve this conclusion.

It is, therefore, our view that the respondent should be suspended from the practice of law for a period of six months.

The findings and recommendations of the Board of Governors are approved and the respondent, James M. Hays, Jr., is suspended from the practice of law for a period of six months from the date this opinion becomes final.

WELCH, C. J., CORN, V. C. J., and RILEY, OSBORN, BAYLESS, GIBSON, HURST, and DAVISON, JJ., concur.