**STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,**

v.

**L. D. TALLENT, Respondent.**

**SCBD 954.**

Supreme Court of Oklahoma.

May 22, 1956.

Rehearing Denied July 20, 1956.

Clayton Carder, Hobart, for complainant.

Gore & Gore, Altus, for respondent.

PER CURIAM.

This action involves a review by this Court of proceedings instituted by the Executive Council of the Oklahoma Bar Association wherein charges of professional misconduct were filed against the respondent, L. D. Tallent, as provided by the Rules Creating, Controlling and Regulating the Oklahoma Bar Association. The complaint was filed on December 6, 1947, by H. T. Tumilty, then President of the Oklahoma Bar Association charging in four counts that the respondent did in the months of January and February, 1945, while serving as county judge, unlawfully demand, exact, collect and receive certain stated amounts of money for the issuance and renewal of beer licenses and in one instance under the threat of revocation of beer licenses if the demanded amount was not paid, all of which it was alleged constituted professional misconduct, breach of respondent's oath and duty as an attorney at law, violation of the Code of Professional

Ethics adopted by this Court and violations of the laws of the State of Oklahoma. On December 18, 1947, the Honorable John B. Wilson, Frederick, Oklahoma, was appointed as Referee by order of this Court and hearings were held in the Chambers of the District Judge at Altus, Oklahoma, on January 20, 1948, and February 21, 1948.

At the conclusion of the hearings, the Referee made his Report, Findings of Fact and Recommendation, which was that the respondent be barred from the further practice of law in the State of Oklahoma. Thereafter on the 12th day of November, 1952, the Central Committee of the Oklahoma Bar Association directed the Executive Secretary of the Association to file the recommendations of the Referee, together with the transcript of evidence with this Court. On the 7th day of October, 1954, this matter was again called to the attention of the Central Committee who after examining the facts directed the Executive Secretary to file the recommendations of the Referee together with the transcript of the evidence with this Court and the Bar Association recommended that the respondent be disbarred from further practice of law in the State of Oklahoma.

■■■ This is an unfortunate case. The respondent is a hopeless cripple and has been all his life. We believe that the respondent was guilty as charged and the punishment recommended could be justified in most instances. However, there are extenuating circumstances. It appears that respondent appreciates the gravity of his acts and has shown a disposition to rehabilitate himself. Since leaving this State in 1947, he has established himself in a distant State where he holds a position of trust and confidence. He is serving his new community as its mayor, an elective office.

In view of the entire record in this case, the intention, the desire of respondent to prove himself worthy and his success in accomplishing this purpose, we believe that disbarment is too severe. It is our judgment that respondent should be suspended for a period of two years from the date of the finality of this opinion and that he be re-admitted at that time upon the payment of the annual dues for the year of his re-admission. It is so ordered.

JOHNSON, C. J., WILLIAMS, V. C. J., and DAVISON, HALLEY, BLACKBIRD, JACKSON and HUNT, JJ., concur.