STATE of Oklahoma ex rel. OKLAHO-
MA BAR ASSOCIATION,
Complainant,

v.

William H. HAWORTH, Jr., Respondent.

S.C.B.D. 2685.

Supreme Court of Oklahoma.

March 6, 1979.

Rehearing Denied April 10, 1979.

Jim F. Gassaway, Ada, Robert J. Turner, Oklahoma City, John Amick, former Gen. Counsel, Okl. Bar Ass'n, Oklahoma City, for complainant.

Carl D. Hughes, Hughes, Nelson & Blessington, Oklahoma City, for respondent.

PER CURIAM:

The Court on the Judiciary removed respondent from his judicial office as district judge of the fifteenth judicial district disqualifying him from holding any judicial office in the State of Oklahoma.[1] Subsequently the Oklahoma Bar Association commenced this disciplinary proceeding charging four counts of violation of disciplinary rule 1–102(A)(5) 5 O.S.1971 Ch. 1, App. 3, "A lawyer shall not engage in conduct that is prejudicial to the administration of justice."

After hearing, the trial authority found violations existed in three of the four counts. It concluded respondent did: (1) cause court clerk to substitute names of five individuals provided by him to be members of a jury panel in place of five who were drawn as members of the panel; (2) operate a loan business from his chambers using court staff and public facilities; and (3) enter into an illegal agreement that in exchange ·for political assistance to a certain candidate for reelection to public office, he would provide lenient and special treatment to a convicted felon, and that this agreement was illegally carried out. The trial authority recommended disbarment or in the alternative a suspension for a period of not less than two years.

Art. 7–A § 4(d) Constitution of the State of Oklahoma provides discipline by the Court on the Judiciary "shall not bar or prejudice any other proceeding, civil or criminal, authorized by law." The bar has jurisdiction to entertain a complaint filed against one of its members that touches on present fitness to practice law based on acts occurring during member's incumbency as a judge.[2] By our constitution such action is independent of any action by the Court on the Judiciary and must be based on evidence of activities that would warrant discipline if respondent were not a judge.[3]

1. State ex rel. Williams v. Haworth, 551 P.2d 676 (Okl.Jud.1976).

2. State ex rel. Oklahoma Bar Association v Tallent, 299 P.2d 162 (Okl.1956).

3. Weston v. Board of Governors of State Bar, 177 Okl. 467, 61 P.2d 229 (1936); State of Oklahoma ex rel. Oklahoma Bar Association v. Sullivan, 596 P.2d 864 (Okl.1979).

■ Respondent attempts to analogize *State of Oklahoma ex rel. Oklahoma Bar Association v. Sullivan*, 596 P.2d 864 (Okl. 1979). In that decision this court held all the acts the trial authority found constituted grounds for discipline were committed by the respondent *in his official capacity* as a district judge. Improper use of judicial power while acting in a judicial capacity may require removal from office but does not necessarily warrant discipline. This court held 'an attorney may not be disciplined for such acts unless they involve moral turpitude of a fraudulent, criminal or dishonest character.

■ Considering the charges under count one, there is no doubt tampering with a jury list is a violation of the above disciplinary rule. Such conduct by an attorney, judge or not, is both dishonest and also a crime.[4] Such behavior is "prejudicial to the administration of justice" as charged. On this count the trial authority based its findings on a list of names, acknowledged by respondent to be in his handwriting, and on testimony of a former deputy court clerk that she and the court clerk substituted these names for five others previously drawn from the jury drum.

5 O.S.1971 Ch. 1, App. 1, Art. 10, § 14(a) provides:

"To warrant a finding against the respondent in a contested case, the charge or charges must be established by a *preponderance of the evidence.*"

Under 5 O.S.1971 Ch. 1, App. 1, Art. 10, § 16(b):

"The Supreme Court may approve the Trial Authority's findings of fact or make its own independent findings, and impose discipline, dismiss the proceedings or take such other action as it deems appropriate."

Although in a disciplinary proceeding this court is not bound by the findings, but rather reviews and weighs the evidence, it will not reverse the trial authority's find-ings of fact unless against the clear weight of the evidence.[5]

■ We find the evidence is sufficient to sustain trial authority's findings of fact. Under *Sullivan* the conduct of respondent on this count involves moral turpitude of a criminal character, thus subjecting him to discipline by this court.

■ Respondent concedes the facts involved in the second charge against him, that of operating a loan business from his chambers. There is neither allegation nor evidence the business was criminal, fraudulent or dishonest. We do not find respondent's conduct on this count was in any way prejudicial to the administration of justice as charged. Trial authority was incorrect in finding operation of loan business as a basis for imposing discipline on count two.

■ Evidence pertinent to count three shows that on October 1, 1974, a meeting was held to plan the campaign strategy of the then district attorney. Respondent attended the meeting. At that time an agreement was made wherein if the father of a certain convicted felon would campaign for such attorney, the son would be released from custody and not go to the penitentiary. The beneficiary of this agreement won the election by a narrow margin. Statistics show the precinct where the father was influential voted heavily in favor of such person. After the election the son appeared before respondent and respondent gave him credit for the time served in the county jail and suspended the balance of his sentence.

From this evidence the trial authority found respondent had knowingly entered into an illegal agreement which was carried out for an illegal purpose. Respondent neither contradicted this charge by his own testimony nor offered any evidence to refute it. We therefore accept trial court's findings of fact on this count to be true. Under the *Sullivan* standard they are illegal

---

4. See 21 O.S.1971 § 389.

5. See *In re Pruiett*, 173 Okl. 121, 46 P.2d 919 (1935); *In re Hays*, 189 Okl. 386, 118 P.2d 265 (1941).

and dishonest, affecting the orderly administration of justice, this count warrants discipline.[6]

■ The actions under charges one and three were the "private and unofficial and independent actions of a judge as an individual" and as such are subject to the jurisdiction of the bar.[7] The trial authority recommended disbarment but acknowledges under the circumstances suspension for two years would be acceptable. Respondent submitted many witnesses who testified as to his good reputation in the community. Accordingly we believe trial authority's alternate recommendation is proper.

RESPONDENT IS HEREBY SUSPENDED FROM THE PRACTICE OF LAW FOR TWO YEARS FROM THE DATE HEREOF.[8]

LAVENDER, C. J., IRWIN, V. C. J. and REYNOLDS, S. J., HODGES, BARNES, SIMMS, DOOLIN and HARGRAVE, JJ., and BRETT, S. J., concur.

Justice WILLIAMS and Justice OPALA having certified their disqualifications in the above cause, the Honorable LESTER A. REYNOLDS and the Honorable TOM BRETT were appointed to serve in their stead.

---

**6.** See *State ex rel. Oklahoma Bar Association v. James*, 463 P.2d 972 (Okl.1969).

**7.** *In re McGarry*, 380 Ill. 359, 44 N.E.2d 7 (1942) cited in *State of Oklahoma ex rel. Oklahoma Bar Association v. Sullivan*, supra, n. 3.

**8.** See Rules Oklahoma Bar Association 5 O.S. 1978 Supp.Ch. 1, App. 1, Art. 10, § 16.